15617.   GRAVES *et al. v.* CAMPBELL, ordinary, for use, etc.

STEPHENS, J. 1. A bond executed and payable to the ordinary of the county in a named sum, for the use and benefit of a named female and the principal obligor's unborn child of which she is at the time pregnant, which bond recites that the female is pregnant as aforesaid, that she and the principal desire to become married to each other, thus legitimatizing the child, and that the principal desires to support and maintain her and the child, and is conditioned that the principal shall "in good faith discharge the duties of a husband and father to the said [named female] and her unborn child, and support, maintain, and educate said child until it arrives at age of fourteen years, and live with and discharge the duties of a husband to the said [named female] until legally excused from so doing henceforward," does not upon its face indicate whether such bond is the statutory bond required under section 379 of the Penal Code (1910), where there is a pending prosecution for seduction, or the statutory bond required under section 1332 of the Penal Code (1910) in bastardy cases.

2. Where, in a suit to recover against the principal and the sureties upon such a bond, it does not appear from the petition whether the principal had been prosecuted for seduction or had been proceeded against for bastardy, the suit may nevertheless be maintained upon the bond as a common-law obligation only.

3. An allegation in the petition that the bond was executed when the principal was confined in the jail of the county "charged with a criminal offense" can not, even if sufficient to do so, which it is not, aid such deficiency in the petition, where such allegation is, upon demurrer, stricken from the petition. The petition as amended stands with such allegation eliminated.

4. In such a suit an allegation in the petition that the principal, after having married the female named, "persistently refused, and continues to refuse, to comply with the condition of said bond, and has therefore breached the same," is insufficient as against a special demurrer to show

wherein there has been a breach of any of the obligations named in the bond.

5. A marriage entered into subsequent to the execution of the bond, between the principal and the female beneficiary mentioned in the bond, will not abrogate the obligations of the bond when construed as a common-law obligation. What effect such a marriage would have upon either of the statutory bonds referred to is not decided.

6. Whether by proper allegations in the petition a suit can be maintained upon the bond as a statutory bond under either one of the above-cited sections of the code is not decided.

7. The petition set out a cause of action upon the bond as a common-law obligation, but was subject to the special demurrer referred to in paragraph 4 of the syllabus above.

8. It not appearing, either from the allegations in the petition or from the evidence adduced upon the trial, that the bond sued on was the statutory bond required in bastardy proceedings, the only recovery permissible is the amount of the actual damage sustained as a result of the breach of the bond. Civil Code (1910), § 5940; Penal Code (1910), § 1336; *Crew* v. *Hutcheson*, 115 *Ga.* 511 (3) (42 S. E. 16). The evidence shows no more than that the principal deserted and failed to support the beneficiaries for a period of about six months, and is therefore insufficient to support a verdict for the plaintiff in the full amount of the penal sum of the bond. It was therefore error for the court to overrule the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1925.

Action on bond; from Murray superior court—Judge Tarver. April 5, 1924.

*William E. & W. Gordon Mann*, for plaintiffs in error.
*Maddox, McCamy & McFarland*, contra.