16854. GRAVES *et al. v.* CAMPBELL, ordinary, for use, etc.

STEPHENS, J. 1. Any damage proximately resulting from the breach of duty alleged in the petition, although accruing after the institution of the suit, but before the trial, is recoverable.

2. Where a bond is given by the father of an unborn child conditioned to discharge the duties of husband to the mother whom he intends to marry, and to support the child until the child arrives at the age of fourteen years, and where the father immediately after the execution

Bonds, 9 C. J. p. 84, n. 32; p. 134, n. 87.

of the bond marries the mother, and then immediately breaches the bond by deserting her, and where, before the birth of the child, a suit is afterwards filed for the benefit of the wife against the sureties on the bond, to recover for its breach by the husband, and the trial takes place after the birth of the child, the expenses incurred by the wife in supporting herself and the child after the institution of the suit and before the trial are recoverable.

3. The fact that other persons, namely, the wife's parents, contributed to the support of her and the child, will not relieve the husband of his contractual obligation as principal in the bond to support the wife and child, and the wife may nevertheless recover on the bond as a common-law obligation a sum within the penal sum of the bond, sufficient for the support of herself and the child.

4. Under the above rulings and the law of this case as settled by this court upon a former hearing (33 *Ga. App.* 505, 126 S. E. 854), the petition as amended was not subject to the demurrers interposed, and the verdict found for the plaintiff was supported by the evidence and authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1926.

Action on bond; from Murray superior court—Judge Tarver. September 5, 1925.

*William E. & Gordon Mann,* for plaintiffs in error.
*Maddox, Maddox & Mitchell,* contra.